IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARLANDA JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  3:03-cv-487-JPG |
| ) | |
| DARLENE A. VELTRI, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 (b), and Local Rule 72.1 (a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, Arlanda Johnson, on August 12, 2003 (Doc. 1).  For the reasons set forth below, it is **RECOMMENDED** that the petition be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

The petitioner, Arlanda Johnson (Johnson) was an inmate at FCI Greenville at the time his petition was filed.   Johnson brought this action pursuant to 28 U.S.C. § 2241.   He challenges the revocation of his supervised release on April 14, 2003.  More specifically he challenges the imposition of a second term of supervised release which was ordered to follow the year and one day sentence he received for violating his first term of supervised release.

Johnson was sentenced to 96 months imprisonment and a total of 5 years supervised

release.[1]  On April 16, 2003 petitioner's supervised release was revoked and petitioner was sentenced to a year and a day imprisonment and forty-eight months of supervised release. Petitioner did not appeal, but on July 29, 2003 he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 to challenge the second term of supervised release he received.  Basically, Johnson alleges (1) that the District Court committed plain error in imposing a second term of supervised release by applying the wrong supervised release statute.; and (2) that his attorney was ineffective for failing to object and argue that the Court was using the incorrect statute to sentence him to a second period of supervised release.

## CONCLUSIONS OF LAW

Ordinarily a federal prisoner in federal custody who is essentially challenging his underlying conviction is usually limited to filing a collateral attack pursuant to a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255.  Kramer v. Olsen, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam).   This code section provides that :

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

---

[1] Originally on January 19, 1995, Johnson was sentenced to 241 months imprisonment and 5 years of supervised release.  See United States v. Johnson, No. 94-cr-30078 (S.D.Ill.) (Doc. 90).  On March 6, 1996, Johnson was resentenced to a total of 121 months imprisonment and 5 years of supervised release.  See Id. at Doc. 149.  On July 25, 1996, Johnson was again resentenced.  He received a total of 96 months imprisonment at 5 years of supervised release. See Id. at Doc. 158.  The respondent's return incorrectly states that Johnson received a total sentence of 120 months.

28 U.S.C. 2255 ¶ 1.

However, the statute also contains a savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

In the case at bar, Johnson can proceed with a habeas claim under § 2241 if the statutory restrictions in § 2255 prevent him from obtaining review of his conviction on a legal theory that establishes actual innocence. Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). A § 2241 petition by a federal prisoner, generally, is limited to challenges to the execution of his sentence. See Valona v. United States, 138 F.3d 693, 694 (7th Cir. 1998). However, Johnson is not attacking the execution of his sentence, he is attacking his sentence, namely, the imposition of a second term of supervised release. A petitioner who files a motions pursuant to § 2241 must demonstrate that a motion under § 2255 is unable to cure the defect in his conviction. See Czeck v. Revell, 2005 WL 2465907 (S.D. Ill.). Johnson has not demonstrated that a §2241 petition is available to him. Id. At 834. A prisoner cannot use § 2241 to attack a conviction or sentence except in a narrowly drawn area where § 2255 is deemed "inadequate or ineffective" to test the legality of a prisoner's detention. Kramer, 347 F.3d 217. The Seventh Circuit has determined that a motion pursuant to § 2255 would be "inadequate" where its provisions limit filing of multiple motions under § 2255 and therefore prevent a prisoner from obtaining review of a legal theory that shows that the petitioner is "actually innocent." Id at 217 (citing Taylor v. Gilkey, 314 F.3d 832, 835 (7th Cir. 2002). In other words, a motion pursuant to § 2255 is inadequate

because the defect complained of was "so fundamental . . . as having been imprisoned for a nonexistent offense. Kramer at 218 (citing In Re Davenport, 147 F. 3d 605 611 (7th Cir. 1998)). Johnson challenges the receipt of a second term of supervised release after his first period of supervised release was revoked. He also challenges the effectiveness of his counsel at the supervised release revocation hearing. These challenges are not ones that are cognizable under a § 2241 petition and therefore he cannot obtain relief under § 2241. Czeck at *2.[2]

For the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by the petitioner, Arlanda Johnson, on August 12, 2003 (Doc. 1) be **DENIED**, that this matter be **DISMISSED** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1 (b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before

---

[2] Johnson's argument is flawed on several grounds. First, on his claim that the Court applied the incorrect statutory provision in imposing a second term of supervised release, it appears that Johnson procedurally defaulted on this claim as he failed to file a notice of appeal. Regardless, that issue is meritless. See Johnson v. United States, 529 U.S. 694, 713 (2000) (holding that 18 U.S.C. § 3583(e) gives a district court the authority to impose a subsequent term of supervised release after reimprisonment after revocation of the first term of supervised release). See United States v. Rogers, 382 F. 3d 648, 652 (7th Cir. 2004). (a district court may impose a second term of supervised release after revoking the first term as long as the combined term of reimprisonment and additional period of supervised release do not exceed the original term of supervised release). Second, Johnson filed a petition to vacate, set aside or correct judgment pursuant to 28 U.S.C. §2255 on February 12,1996. See United States v. Johnson, No. 94-cr-30078 (S.D.Ill.) Doc. 143. The petition was granted on March 4, 1996. See Id. at Doc. 148. Therefore, if Johnson had filed his petition pursuant to § 2255, his petition would not be barred as successive. See Hawkins v. United States, 415 F.3d 738, 740 (7th Cir. 2005) (citing Walker v. Roth, 133 F.3d 454, 455 ((7th Cir. 1997) (§2255 motion attacking a sentence imposed after a successful prior § 2255 motion is not second or successive even though it is not the petitioner's first motion under § 2255).

either the District Court or the Court of Appeals.  <u>Snyder v. Nolen</u>, 380 F.3d 279, 284 (7th Cir. 2004); <u>United States v. Hernandez-Rivas</u>, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 15, 2005.**

                                                **<u>s/ Donald G. Wilkerson</u>**
                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**